for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals to reappraisement enumerated in Schedule A, attached hereto and made a part hereof, consists of chinaware imported from Germany.

IT IS FURTHER STIPULATED AND AGREED, that the appraised values of the merchandise covered by the appeals to reappraisement enumerated herein, less the additions made by the importer on entry because of advances by the Appraiser in similar cases, is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States and that there was no higher foreign value for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that the cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

(Reap. Dec. 8602)

FRANK P. DOW CO., INC.
F. W. WOOLWORTH CO. } *v.* UNITED STATES

Entry No. 6752.

(Decided June 22, 1956)

*Sharretts, Paley & Carter* for the plaintiffs.
*George Cochran Doub,* Assistant Attorney General, for the defendant

JOHNSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiff and the Assistant Attorney General for the United States, that the issues of law and fact with respect to the earthenware articles covered by the

above named appeal for reappraisement are the same in all material respects as the issues of law and fact in *F. W. WOOLWORTH CO.* v. *UNITED STATES*, 27 Cust. Ct. 424, R. D. 8039 and that the record in R. D. 8039 be received in evidence herein.

IT IS FURTHER STIPULATED AND AGREED that the market value or the price, at the time of exportation to the United States of the earthenware articles covered by the Appeal to Reappraisement enumerated above, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, plus the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was in each instance the appraised value less the amount added under duress to meet advances made by the Appraiser in similar cases and that there is no higher foreign value.

IT IS FURTHER STIPULATED AND AGREED, that this appeal to reappraisement be submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware articles here involved, and that such value in each instance is the appraised value, less the amount added under duress to meet advances made by the appraiser in similar cases.

Judgment will be entered accordingly.